# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KRISTINA QUARLES                                                    PLAINTIFF

v.                      NO. 5:10CV00059 JLH/HDY

GRANT COUNTY, ARKANSAS; DALE WEST;                        DEFENDANTS
EDDIE EASLEY; BOB FRAIZER; NORMAN FRISBY;
and PHILLIP SHIRRON

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

DISPOSITION

THE PLEADINGS AT BAR.  Plaintiff Kristina Quarles ("Quarles") commenced the proceeding at bar in February of 2010 by filing a pro se complaint pursuant to 42 U.S.C. 1983.  In the complaint, she joined the following parties in both their official and individual capacities: (1) Grant County, Arkansas ("County"); (2) Dale West ("West"), a private attorney; (3) Eddie Easley ("Easley"), the Prosecuting Attorney for the Seventh Judicial District; (4) Bob Fraizer ("Fraizer"), an attorney serving as a public defender; (5) Norman Frisby ("Frisby"), a Deputy Prosecuting Attorney for the Seventh Judicial District; and (6) Phillip Shirron ("Shirron"), a Circuit Court Judge presiding in Grant County, Arkansas.  A brief summary of the factual allegations in Quarles' complaint is not easy.  It appears that in December of 2001, she was charged in Grant County, Arkansas, Circuit Court with theft by deception.  The charge sprang from a bank loan she allegedly obtained under false pretenses, specifically, that she had been involved in the submission of a false affidavit to representatives of the Heartland Community Bank in Sheridan, Arkansas, the financial institution that apparently issued the loan.

Quarles eventually retained West to represent her in the criminal proceeding.  He allegedly had only minimal contact with her but did assure her that he would "take care of the charge[]" and would "contact her when she was to appear in court."  See Document 2 at 5.

In April of 2003, a representative of West's office notified Quarles that the charge against her would be dropped because of a lack of proof. She understood that "charges would be filed against Bryan Smith due to substantial evidence against [him] regarding the crime." See Id. at 5. Quarles apparently embraced that assurance and forgot about the charge, eventually moving to Reno, Nevada.

In May of 2009, Quarles sadly learned that the charge had not been dropped but was still pending and that a warrant for her arrest was outstanding. She attempted to contact West but had no success. She then made arrangements to surrender to Arkansas authorities, which occurred in the fall of 2009.

In October of 2009, Quarles appeared before Shirron. He appointed Fraizer to represent her in the criminal proceeding. Fraizer advised her that she was scheduled to be tried in nine days and that he would review some discovery matters prior to trial. It was also around that time that a plea bargain was offered to her. The terms were as follows: in return for her plea of guilty, she would receive twenty years imprisonment, with ten year suspended, and pay all restitution, fines, and costs. Quarles asked Easley and/or Frisby why no charges had been filed against Bryan Smith, when he was "the person who was on the video cashing the check obtained in the loan, he was the party who the check was made payable to as well as the party who signed the check and provided his Arkansas ID number along with his social security number." See Id. at 6. She alleges that she was told the following:

-4-

> The prosecuting attorney responded that he did not need Mr. Smith, he had … Quarles and that was enough to satisfy him. He also stated he did not care who actually committed the crime, he had who he wanted. The prosecuting attorney told Plaintiff that she would either take the plea now or she could go to trial facing 60 years in prison at [fifty percent]. …

See Id. at 6.

In November of 2009, Quarles appeared again before Shirron and was "bullied" into pleading guilty to the charge. See Id. at 6. A written plea agreement was allegedly never signed, and she only acknowledged understanding the terms of her sentence because Fraizer forced her to do so. She was thereafter transferred to the custody of the Arkansas Department of Correction, where she remains to this day.

Quarles subsequently filed a trial court petition for sentence reduction on the grounds that she was not credited with any jail time and that her sentence was too harsh. Shirron denied the motion. In so doing, he found that she had been sentenced to "[ten] years in prison with the [ten] years SIS." See Id. at 7. She immediately questioned the order because of the "SIS" designation but got no response from him.

In February of 2010, Quarles filed a trial court petition for post-conviction relief. In the petition, she raised claims of prosecutorial misconduct, improper arrest, and ineffective assistance of counsel. Shirron denied the petition. He found that even if what she represented were true, she was not entitled to relief.

The foregoing factual allegations gave rise to a number of assertions. Specifically, Quarles alleged the following in her complaint:

> Plaintiff was never taken to court to argue her case for Rule 37. Plaintiff should by law been entitled to be present at such a hearing. ... Plaintiff feels her Constitutional Rights have been violated by not being granted a fair trial as well as her Miranda Rights. Plaintiff also feels the judicial system in Grant County is corrupt and unfair. Plaintiff was wrongfully accused of being a fugitive from justice as well as being belittled by both the prosecutors and judge. Plaintiff feel[s] that if she had been properly represented by ... West in the beginning, justice would have been properly served. Instead, Plaintiff has suffered severely, being wrongfully and improperly prosecuted. Plaintiff's family life has suffered unrepairable damage due to her extended incarceration. Plaintiff's marriage is also in jeopardy due to this incident and her inability to care for her husband who is extremely ill. Plaintiff's claims to have been wrongfully prosecuted with a charge that is at the very least ludicrous. The prosecutor's offer of an outrageous plea was based on rumors of Plaintiff's intentions and participation [in] the crime accused, not evidence against her. Facts and evidence of the crime would have only found Plaintiff to be charged with identity fraud, only if the person who's social security number was used chose to prosecute. They did not. Charging the Plaintiff with the ... crime and not the other party involved showed the lack of professional[ism] as well as fair conduct from the prosecutor's office. This also proves Plaintiff's claim of this being a personal vendetta by Grant County due to Plaintiff's refusing in years past to operate as a confidential informant for drug sales and manufacturing. Being that Bryan Smith was the person who actually received and accepted the funds from the bank loan and [was] never even brought in [for] questioning, also shows proof of an unfair justice [system] by the prosecutors as well as Judge Shirron. It also shows the lack of representation from all attorneys who represented Plaintiff by also not demanding or fighting for charges to be properly filed against all parties involved ... It was the position of an attorney appointed or [retained] to properly represent Plaintiff to the best of their ability. That obviously was not done. The time lapse for pursuing charges has also exceeded the allowed time for making Plaintiff pay restitution since the victim was able to write off this debt on taxes after 5 years of not recovering the stolen funds. This case has been corrupt and unjust from the beginning.

See Id. at 7-8.

In the prayer for relief portion of Quarles' complaint, she sought various types of relief. She specifically asked that she be awarded the following relief:

(A) that the County be ordered to pay her $500,000;

(B) that West's law license be suspended for no less than one year, that he be ordered to pay her $250,000, and that he apologize to her in writing;

(C) that Easley's law license be suspended for no less than one year, that he be removed from his position as the Prosecuting Attorney for the Seventh Judicial District, and that he be indefinitely barred from seeking another elected position;

(D) that Fraizer be forced to resign as a public defender, that his law license be revoked, that he be ordered to pay her $150,000, and that he apologize to her in writing;

(E) that Frisby's law license be suspended for no less than one year, that he be removed from his position as Deputy Prosecuting Attorney for the Seventh Judicial District, and that he be indefinitely barred from seeking an elected position;

(F) that Shirron's law license be suspended for no less than one year, that he be removed from his position as Circuit Court Judge, and that he be indefinitely barred from seeking another elected position;

(G) that Quarles and the defendants take polygraph tests, if needed; and

(H) that her record be expunged and all restitution, fines, and costs be eliminated, that she be immediately released from the custody of the Arkansas Department of Correction, and that theft charges be filed against Bryan Smith.

Quarles accompanied her complaint with the pending application to proceed <u>in forma pauperis</u>. <u>See</u> Document 1. United States District Judge J. Leon Holmes referred this case to the undersigned for all pre-trial matters. <u>See</u> Document 3. The undersigned began a review of her application and, in doing so, had an occasion to review her complaint. On the basis of that review, and for the reasons that follow, the undersigned recommends that service of process not be ordered but that Quarles' complaint be dismissed <u>sua sponte</u>, that her application be denied, and that judgment be entered for all of the defendants.

<u>THE COUNTY</u>. Quarles joined the County as a defendant because its judicial system is "corrupt and unfair." <u>See</u> Document 2 at 7. The facts supporting such an assertion are not clear; they appear to be all of the facts alleged in her complaint.

It is well-settled that a county cannot be held vicariously liable for the unconstitutional acts of its employees. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978). A county may, however, be held liable for such acts if the acts "implement or execute an unconstitutional municipal policy or custom." <u>See</u> <u>Mettler v. Whitledge</u>, 165 F.3d 1197, 1204 (8th Cir. 1999). A policy or custom can originate from a single act of a policy maker, <u>see</u> <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469 (1986), but the policy or custom must be the "'moving force [behind] the constitutional violation.'" <u>See</u> <u>Mettler v. Whitledge</u>, 165 F.3d at 1204 [quoting <u>Monell v. Department of Social Services</u>, 436 U.S. at 694].

-8-

Assuming for the moment that West, Easley, Fraizer, Frisby, and Shirron are county employees, and accepting as true every factual allegation made by Quarles, she has not shown that they violated her constitutional rights. At worst, West and Fraizer did not aggressively represent her. At worst, Easley and Frisby elected not to prosecute Bryan Smith but instead elected to prosecute Quarles for criminal acts she appears to admit engaging in, <u>i.e.</u>, "[f]acts and evidence of the crime would have only found Plaintiff to be charged with identity fraud, only if the person who's social security number was used chose to prosecute." <u>See</u> Document 2 at 8. At worst, Shirron presided over a proceeding at which she was forced to plead guilty–how she was forced is not clear–and denied her post-conviction submissions. The undersigned strains to see how the acts violated her constitutional rights or how the County can be held liable.

Even if West, Easley, Fraizer, Frisby, and Shirron had violated Quarles' constitutional rights, she has not shown that their acts implemented or executed an unconstitutional municipal policy or custom. Quarles has not identified a policy by which the County deliberately chose to "bully" an innocent citizen into pleading guilty to a charge that had no basis in fact. Quarles has also not identified a custom, or a "continuing, widespread, and persistent pattern," <u>see</u> <u>Mettler v. Whitledge</u>, 165 F.3d at 1204, by which the County deliberately chose to violate an innocent citizen's constitutional rights. Instead, the facts she alleged show that the County had some safeguards in place to protect a citizen's constitutional rights.

-9-

The undersigned finds that the County has no liability for the actions or inactions of West, Easley, Fraizer, Frisby, and Shirron. The County should be dismissed sua sponte.

WEST, EASLEY, FRAIZER, FRISBY, AND SHIRRON IN THEIR OFFICIAL CAPACITIES.

Quarles joined West, Easley, Fraizer, Frisby, and Shirron as defendants in their official capacities. With regard to official capacity claims, the relevant case law is well settled:

> A [section] 1983 action against a government official in his official capacity . . . is tantamount to an action directly against the public entity of which the officer is an agent. ... "It is not a suit against the official personally, for the real party in interest is the entity." ... In an official-capacity suit, the plaintiff must prove more than that his constitutional rights were violated by the named individual defendants, for a governmental entity is liable under [section] 1983 only when the entity itself is a "moving force" behind the violation.

See Clay v. Conlee, 815 F.2d 1164, 1170 (8th Cir. 1987) [emphasis in original].

Assuming for the moment that West, Easley, Fraizer, Frisby, and Shirron acted on behalf of various public entities, and accepting as true Quarles' factual allegations, she has not shown that they violated her constitutional rights. At worst, West and Fraizer did not aggressively represent her, Easley and Frisby elected not to prosecute Bryan Smith but instead elected to prosecute her for criminal acts she appears to admit engaging in, and Shirron presided over a proceeding at which she was forced to plead guilty and denied her post-conviction submissions. The undersigned strains to see how those acts violated her constitutional rights.

-10-

The undersigned finds that West, Easley, Fraizer, Frisby, and Shirron in their official capacities have no liability for their actions or inactions. The defendants in their official capacities should be dismissed <u>sua</u> <u>sponte</u>.

<u>WEST AND FRAIZER</u>. Quarles has also joined West and Fraizer as defendants in their individual capacity. She acknowledged, and the undersigned finds, that they are attorneys who represented her for different periods of time during the state criminal proceeding.

An attorney, even an appointed public defender like Frazier, does not act under color of state law when performing the traditional functions of a defense counsel. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312 (1981). If, however, the attorney is a willing participant in a joint activity with the state and/or its agents, the attorney can be liable for any resulting unconstitutional and/or illegal activities. <u>See</u> <u>Mershon v. Beasley</u>, 994 F.2d 449 (8th Cir. 1993).

Accepting as true Quarles' factual allegations, West or Fraizer were not willing participants in a joint activity with the state and/or its agents. At worst, West and Fraizer did not aggressively represent her. Specifically, West only had minimal contact with her during the period he represented her and failed to take care of the charge as promised. Fraizer, in turn, was adamant that she accept the plea arrangement offered by the State of Arkansas. It cannot be said that their acts, or inaction, aided in the violation of her constitutional rights.

The undersigned finds that West and Fraizer in their individual capacities have no liability for their actions or inactions. They should be dismissed <u>sua sponte</u>.

<u>EASLEY AND FRISBY</u>. Quarles has also joined Easley and Frisby as defendants in their individual capacity. She acknowledged, and the undersigned finds, that they are the prosecutors who represented the State of Arkansas during the state criminal proceeding.

"A prosecutor enjoys absolute immunity for acts performed "'in initiating a prosecution and in presenting the State's case.'" <u>See</u> <u>Reasonover v. St. Louis County, Missouri</u>, 447 F.3d 569, 579 (8th Cir. 2006) [quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976)]. The immunity is not defeated by "allegations of malice, vindictiveness, or self-interest." <u>See</u> <u>Id</u>. at 580 [citing <u>Myers v. Morris</u>, 810 F.2d 1437 (8th Cir. 1987).

Accepting as true Quarles' factual allegations, Easley and Frisby performed acts that were associated with initiating a prosecution and in presenting the State's case. They elected not to prosecute Bryan Smith but instead elected to prosecute Quarles for criminal acts she appears to admit engaging in. Their decision to do so was surely within the range of prosecutorial discretion enjoyed by them. They also offered her a plea agreement, albeit an oral one. She accepted the agreement but did so under compulsion. The source of the compulsion was something every defendant considering a plea agreement faces: the possibility of greater punishment if convicted after a trial. The fact that they may have been vindictive is of no consequence.

The undersigned finds that Easley and Frisby in their individual capacities enjoy absolute immunity for their actions or inactions. They should be dismissed sua sponte.

SHIRRON. Quarles has also joined Shirron as a defendant in his individual capacity. She acknowledged, and the undersigned finds, that he was the trial court judge who presided over the state criminal proceeding.

"Judges performing judicial functions enjoy absolute immunity from [42 U.S.C.] 1983 liability." See Robinson v. Freeze, 15 F.3d 107. 108 (8th Cir. 1994). "The relevant cases demonstrate that the factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." See Stump v. Sparkman, 435 U.S. 349, 362 (1978).

Accepting as true Quarles' factual allegations, Shirron presided over a proceeding at which she was forced to plead guilty and denied her post-conviction submissions. Although she may disagree with the actions taken by him in the proceeding during which she pleaded guilty, and may disagree with his decision to deny her post-conviction submissions, those actions are functions normally performed by a judge and, in addition, she clearly dealt with him in his judicial capacity.

The undersigned finds that Shirron in his individual capacity enjoys absolute immunity for his actions or inactions. He should be dismissed sua sponte.

HECK v. HUMPHREY. In addition to the foregoing, the undersigned notes that in the prayer for relief portion of Quarles' complaint, she sought damages from the County, West, and Fraizer. Her request requires the undersigned to consider Heck v. Humphrey, 512 U.S. 477 (1994). In that decision, the United States Supreme Court determined the following: if a judgment in favor of a prisoner in a 42 U.S.C. 1983 proceeding would necessarily imply the invalidity of the prisoner's underlying conviction, continued imprisonment, or sentence, then no claim for damages can lie unless the conviction or sentence is reversed, expunged, or called into question by the issuance of a writ of habeas corpus pursuant to 28 U.S.C. 2254.

The undersigned finds that a judgment in favor of Quarles in this proceeding would necessarily imply the invalidity of her underlying conviction. Specifically, a judgment in her favor would require the finding of some constitutional error, e.g., that her attorneys' provided constitutionally inadequate representation, or that the prosecutors engaged in such misconduct that her conviction should be overturned, or that she was compelled to plead guilty against her wishes. As a result, no claim for damages can lie in the proceeding at bar unless her conviction is reversed, expunged, or called into question by the issuance of a writ of habeas corpus.[1]

---

[1] An additional word about other relief sought by Quarles. As the undersigned noted, Quarles sought various types of relief, including asking that some of the defendants be disbarred, and/or removed from office, and/or indefinitely barred from seeking an elected position. The undersigned knows of no scenario under which that relief could be awarded in a proceeding pursuant to 42 U.S.C. 1983.

CONCLUSION. Before docketing a pro se litigant's complaint, or as soon thereafter as practicable, a federal court is required to review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. 1915A. In reviewing a pro se litigant's complaint, the federal court is obligated to construe it liberally. See Burke v. North Dakota Department of Corrections and Rehabilitation, 294 F.3d 1043 (8th Cir. 2002).

The undersigned finds that Quarles' complaint is frivolous or fails to state a claim upon which relief may be granted. Specifically, the undersigned finds the following:

(A) that the County has no liability for the actions or inactions of West, Easley, Fraizer, Frisby, and Shirron;

(B) that West, Easley, Fraizer, Frisby, and Shirron in their official capacities have no liability for their actions or inactions;

(C) that West and Fraizer in their individual capacities have no liability for their actions or inactions;

(D) that Easley and Frisby in their individual capacities enjoy absolute immunity for their actions or inactions;

(E) that Shirron in his individual capacity enjoys absolute immunity for his actions or inactions; and

(F) Quarles' claim for damages is barred by Heck v. Humphrey.

RECOMMENDATION.  The undersigned recommends that service of process not be ordered but that Quarles' complaint be dismissed sua sponte, that her application to proceed in forma pauperis be denied, and that judgment be entered for all of the defendants.  In addition, the undersigned recommends that the dismissal of her complaint count as a "strike" for purposes of 28 U.S.C. 1915(g) and that an in forma pauperis appeal taken from the dismissal of her complaint be considered frivolous and not in good faith.

DATED this ___17___ day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE